**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SIGITAS RAULINAITIS,

        Plaintiff-Appellant,

v.

VENTURA COUNTY SHERIFFS
DEPARTMENT,

        Defendant-Appellee.

No.    14-56615

D.C. No. 2:13-cv-02605-MAN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Margaret A. Nagle, Magistrate Judge, Presiding

Argued and Submitted December 6, 2017
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and COLLINS,[**] Chief
District Judge.

    Sigitas Raulinaitis appeals from the magistrate judge's summary judgment

dismissal of his 42 U.S.C. § 1983 action alleging violations of his Second

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Raner C. Collins, Chief United States District Judge
for the District of Arizona, sitting by designation.

Amendment rights.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Peruta v. County of San Diego*, 824 F.3d 919, 925 (9th Cir. 2016) (en banc), and we affirm.[1]

**1.**      In *Peruta*, we held that a member of the general public does not have a right under the Second Amendment to carry a concealed firearm in public, and that a state may impose restrictions on concealed carry permits.  *Id.* at 939.  The San Diego and Yolo County Sheriff's Department policies interpreting the California statutory good cause requirement at issue in *Peruta* therefore survived a Second Amendment challenge.  *See id.*  For the same reasons, the Ventura County Sheriff's Department policy interpreting the California statutory residency requirement does not violate the Second Amendment.  There is no avoiding *Peruta*'s conclusion that the "Second Amendment does not protect in any degree the right to carry concealed firearms in public," and that accordingly "any prohibition or restriction a state may choose to impose on concealed carry . . . is necessarily allowed by the Amendment."  *Id.*

**2.**      Nor did Raulinaitis raise a genuine dispute of material fact as to whether the Ventura County Sheriff's Department abused its authority in denying

---

[1]   The Ventura County Sheriff's Department's motion to take judicial notice of various legislative history documents is DENIED as irrelevant to the resolution of this litigation.

him a concealed carry permit. California gives sheriff's departments "extremely broad discretion" to determine whether to issue concealed carry licenses. *Gifford v. City of L.A.*, 88 Cal. App. 4th 801, 805 (2001). Here, the evidence showed that the Ventura County Sheriff's Department interpreted the residence requirement in California Penal Code section 26150(a)(3) reasonably, investigated Raulinaitis's residence thoroughly, and drew reasonable conclusions about where Raulinaitis resided. Because Raulinaitis's inconsistent declarations at summary judgment did not raise a genuine dispute of material fact about the Sheriff's Department's authority to conduct an investigation into Raulinaitis's residence or the manner in which the investigation was conducted, summary judgment was appropriate.

**AFFIRMED.**